IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:23-CV-641-L** |
| § | |
| **AARON CAIN MCKNIGHT; BPM GLOBAL INVESTMENTS, LLC; BPM ASSET MANAGEMENT, LLC; KENNETH MILLER; FROST and MILLER, LLP; AND HARMONY BROOKE MCKNIGHT,** § § § § § § § § | |
| Defendants, § § | |
| and § | |
| **ACCELERATED VENTURE PARTNERS, LLC; and TIMOTHY NEHER,** § § § § | |
| Relief Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment Against Defendants BPM Global Investment, LLC and BPM Asset Management, LLC (collectively, "the BPM Entities"). After careful consideration of Plaintiff's Motion for Default Judgment against the BPM Entities ("Motion) (Doc. 67), the pleadings, record, evidence, and applicable law, the court **grants** the Motion (Doc. 67) with respect to BPM Entities' liability for the securities violations alleged in the Complaint (Doc. 1), Plaintiff's entitlement to disgorgement and prejudgment interest, and the injunctive relief sought against them. As monetary relief is sought against the BPM Entities jointly and severally with other Defendants in this case, the court will **defer** making a determination

**Memorandum Opinion and Order – Page 1**

regarding the amount of damages (disgorgement and prejudgment interest thereon) until a later date after liability is determined with respect to all other Defendants. Likewise, the court will **defer** ruling on Plaintiff's request for civil monetary penalties (the assessment of penalties and the amount of any such penalties) until a later date after liability is determined with respect to all other Defendants. Proceeding in this manner will avoid unwarranted inconsistencies in the court's rulings.

I.  Background

On March 23, 2023, Plaintiff Securities and Exchange Commission ("SEC") filed its Complaint in this civil enforcement action against Defendants Aaron Cain McKnight ("McKnight" or "Mr. McKnight"); the BPM Entities; Sherry Rebekka Sims; Kenneth Miller; Frost & Miller, LLP; and Harmony Brooke McKnight ("Harmony McKnight") (collectively, "Defendants") for alleged federal securities violations. According to the SEC's Complaint, the BPM Entities were held out to investors as legitimate financial services firms. The BPM Entities are alleged to have been controlled by Mr. McKnight and his sister Codefendant Harmony Brooke McKnight, who used them to defraud investors out of large sums of money. The SEC's Complaint also named Accelerated Venture Partners, LLC and Timothy Neher as "Relief Defendants" that received ill-gotten funds from the securities fraud scheme(s) conducted by Mr. McKnight, his associates, and the business entities he controlled. With respect to the BPM Entities, the SEC seeks disgorgement of ill-gotten funds and prejudgment interest thereon. In addition, the SEC seeks a permanent injunction and civil monetary penalties. The SEC has moved for entry of a default judgment against the BPM Entities on its claims for alleged securities violations under Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act

of 1934 (the "Exchange Act") [15 U.S.C. §§ 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

## II.   Analysis

### A.   Legal Standard – Motion for Default Judgment

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Default was entered by the clerk of court against the BPM Entities on September 6, 2023 (Doc. 36). Based upon the pleadings and information in the record, the court finds that the BPM Entities are not minors, incompetent, or members of the United States military. The BPM Entities, by failing to answer or otherwise respond to the SEC's Complaint, have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, the BPM Entities may not contest the "sufficiency of the evidence" on appeal, but they are "entitled to contest the sufficiency of the [C]omplaint and its allegations to support the judgment." *Id.* Based on the well-pleaded allegations in the Complaint, which the court accepts as true, and the record in this action, the court determines that the BPM Entities are in default, and for these reasons herein explained, the SEC is entitled to a default judgment with respect to: (1) the BPM Entities' liability for the SEC's claims against them for securities fraud violations; (2) the SEC's entitlement to

disgorgement of ill-gotten funds and prejudgment interest thereon; and (3) the SEC's request for a permanent injunction against the BPM Entities.

### B. Liability

To establish a violation of Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder, the SEC must prove three elements: "(1) material misrepresentations or materially misleading omissions, (2) in connection with the purchase or sale of securities, (3) made with scienter." *SEC v. Sethi*, 910 F.3d 198, 206, 206 n.4 (5th Cir. 2018) (citation omitted). Scienter refers to a "mental state embracing intent to deceive, manipulate, or defraud." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (citation omitted). "Both intent and 'severe recklessness' are sufficient" to satisfy the scienter requirement for a securities fraud claim. *Municipal Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 424, 430 (5th Cir. 2019) (citation omitted). Severe recklessness refers to "those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence," but rather "an extreme departure from the standards of ordinary care . . . that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it." *See Sethi*, 910 F.3d at 206 (citation omitted).

"When analyzing a complaint for scienter, a court must 'assess all the allegations holistically,' not in isolation." *Owens v. Jastrow*, 789 F.3d 529, 536 (5th Cir. 2015) (citation omitted). Under a holistic review, "[t]he inquiry is whether all of the facts alleged, taken collectively, give rise to a . . . plausible inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009). "If any 'single allegation, standing alone, create[s] a[n] . . . inference of scienter,'

then the court may stop there. If it does not, then the district court must take 'a holistic look at all the scienter allegations.'" *Pier 1 Imports, Inc.*, 935 F.3d at 430 (quoting *Owens*, 789 F.3d at 537).

For violations of Rule 10b-5(a) and (c), sometimes referred to as "scheme liability," "[c]onduct itself can be deceptive" such that a defendant may incur primary liability for securities fraud without making or using an "oral or written statement." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 158 (2008). The Fifth Circuit has not yet considered the pleading requirements for scheme liability. *See Burback v. Brock*, 2023 WL 4532803, at *7 (5th Cir. July 13, 2023) (per curiam) (unpublished opinion) (affirming dismissal despite claim that district court failed to account for "scheme liability" because allegations deemed insufficient on other grounds). Other district courts in this circuit, however, have followed the Second, Eighth, and Ninth Circuits, which have held that "a plaintiff can demonstrate scheme liability under Rule 10b-5(a) and (c) when the scheme encompasses conduct distinct from the misrepresentations or omissions that give rise to Rule 10b-5(b) liability." *SEC v. Verges*, 716 F. Supp. 3d 456, 466-67 (N.D. Tex. 2024) (citing cases). To plausibly plead claims based on scheme liability in this context, the SEC must allege that the defendant in question: "(1) committed a deceptive or manipulative act; (2) in furtherance of the alleged scheme to defraud; (3) with scienter." *Id.* at 467 (citation omitted).

Like claims for § 10(b) and Rule 10b-5 violations, claims for section 17(a)(1) violations must be supported by allegations of scienter or intent to defraud, whereas claims for violations of sections 17(a)(2) and (a)(3) do not have a scienter requirement. *Aaron v. SEC*, 446 U.S. 680, 696-97 (1980). Rule 17(a) claims are frequently analyzed under the same framework as Rule 10b-5 claims; however, negligence is sufficient for claims under sections 17(a)(2) and (a)(3). *See Sethi*, 910 F.3d at 206 ("To [allege] that a defendant has violated § 17(a)(2) or (a)(3), the SEC must

[allege] the same elements as for Rule 10b-5, except that it need only [allege] 'the defendant acted with negligence.'") (citation omitted). Because of their similarities, claims arising under § 10(b) and § 17(a) "are often analyzed as one." *Verges*, 716 F. Supp. 3d at 467 (citations omitted); *see also SEC v. Narayan*, No. 3:16-CV-1417-M, 2017 WL 4652063, at *2 n.3 (N.D. Tex. Aug. 28, 2017).

Under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Particularity "necessarily differs with the facts of each case," but it generally requires a plaintiff to allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [they] obtained thereby." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067-68 (5th Cir. 1994) (internal quotation marks and citation omitted). More colloquially, a party must plead the "who, what, when, where, and how" of the fraud. *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citation omitted). Under Rule 9(b), however, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Because the SEC's claims against the BPM Entities allege fraud, it must plead the elements of its securities fraud claims with the heightened particularity required by Rule 9(b). *See, e.g., Coates v. Heartland Wireless Commc'ns, Inc.*, 26 F. Supp.2d 910, 914 (N.D. Tex. 1998). This case, however, is not subject to the heightened requirements for pleading scienter under the Private Securities Litigation Reform Act ("PSLRA"), which applies only to private securities actions, not SEC enforcement actions, so the SEC, to plead scienter adequately under Rule 9(b), need only allege specific facts that support an inference of fraud or severe recklessness. *See Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 407-099 (5th Cir. 2001) (comparing the scienter requirement in

PSLRA versus SEC securities fraud actions). "Alleged facts are sufficient to support such an inference if they either (1) show a defendant's motive to commit securities fraud or (2) identify circumstances that indicate conscious behavior on the part of the defendant." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 565 (5th Cir. 2002)).  Further, with respect to scienter, if facts are "peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief." *Nathenson*, 267 F.3d at 409. This "luxury," however, "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Dorsey*, 540 F.3d at 339 (quoting *Tuchman*, 14 F.3d at 1068).

The SEC's pleadings are sufficient to satisfy Rule 9(b) and the essential elements of the claims asserted against the BPM Entities.  In other words, the SEC's pleadings plausibly allege the essential elements of the claims asserted—that the BPM Entities made material representations; engaged in deceptive conduct in furtherance of the fraud; and acted with the requisite scienter.  The factual allegations in the Complaint also plausibly allege that such conduct by the BPM Entities occurred in connection with the purchase or sale of securities.  Additionally, the SEC's pleadings satisfy Rule 9(b)'s particularity requirement with respect to the "who, what, when, where, and how" of the securities fraud alleged.  *See United States ex rel. Williams*, 417 F.3d at 453 (citation omitted). Accordingly, the factual allegations in the Complaint are sufficient to support entry of a default judgment against the BPM Entities on the SEC's claims for federal securities violations, and the SEC is entitled to disgorgement from the BPM Entities in an amount representing the net profits gained as a result of the conduct alleged in the Complaint,[1] together

---

[1] Disgorgement is a means of "wrest[ing] ill-gotten gains from the hands of a wrongdoer." *SEC v. Huffman*, 996 F.2d 800, 802 (5th Cir. 1993) (citation omitted). "It is an equitable remedy meant to prevent the wrongdoer from enriching himself by his wrongs." *Id.* (citation omitted). Because disgorgement serves a remedial purpose, it must be "causally related to the wrongdoing" at issue. *Allstate Ins. Co. v. Receivable Fin. Co., LLC*, 501 F.3d 398, 413 (5th Cir. 2007)

with prejudgment interest on the disgorgement sum.[2] As explained below, the court will defer making a determination regarding the amount of disgorgement and amount of prejudgment interest. It will also defer making a determination as to whether civil monetary penalties[3] should be imposed and the amount of any such penalties.

### C. Damages—Disgorgement, Civil Penalties, and Interest

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). Because the SEC seeks monetary relief against the BPM Entities jointly and severally with other Defendants in this case, the court, to avoid inconsistencies, will **defer** making a determination regarding the amount of damages in the form of disgorgement and prejudgment interest on the disgorgement amount. *See GFRS Equip. Leasing Fund II LLC v. Diane Trang Nguyen*, No. 3:18-CV-2250-L, 2019 WL 3530421, at *3 (N.D. Tex. Aug. 1, 2019) (explaining the propriety of delaying entry of judgment as to damages to prevent inconsistencies, especially in situations where several defendants are alleged to be jointly liable). For the same reason, the court will similarly defer ruling on whether any civil monetary penalties should be assessed against the BPM Entities and the amount of such civil penalties. *See id.* Proceeding in this manner is also consistent with the court's treatment of any damages, penalties, or interest to be imposed against Codefendant Sherry Rebekka Sims. *See*

---

(quoting *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1231 (D.C. Cir. 1989)). "In actions brought by the SEC involving a securities violation, 'disgorgement need only be a reasonable approximation of profits causally connected to the violation.'" *Id.*

[2] "It is within the discretion of a court to award prejudgment interest on the disgorgement amount for the period during which a defendant had the use of his illegal profits." *SEC v. Bergin*, No. 3:13-CV-1940-M, 2015 WL 4275509, at *6 (N.D. Tex. July 15, 2015) (quoting *SEC v. Razmilovic*, 738 F.3d 14, 36 (2d Cir. 2013), as amended (Nov. 26, 2013)).

[3] Pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, courts may impose a civil penalty for each violation of federal securities laws. *See SEC v. Thomas*, No. 3:13-CV-739-L, 2014 WL 840030, at *4 (N.D. Tex. Mar. 4, 2014); 15 U.S.C. § 77t(d); 15 U.S.C. § 78u(d)(3).

Memorandum Opinion and Order – Page 8

Doc. 29 (consent judgment as to liability and permanent injunction against Ms. Sims but reserving for later the amount of disgorgement and prejudgment interest to be imposed and any assessment and amount of civil penalties until after liability is determined with respect to all other Defendants).

### D. Injunctive Relief

As indicated, the SEC also seeks a permanent injunction against the BPM Entities. Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act provide that the court shall impose a permanent injunction against a defendant upon a proper showing that the defendant is engaged or is about to engage in any acts or practices that violate the Securities Act and the Exchange Act. *See* 15 U.S.C. § 77t(b); 15 U.S.C. § 78u(d); *SEC v. Zale Corp.*, 650 F.2d 718, 720 (5th Cir. 1981). The SEC asserts that it entitled to a permanent injunction because it has established that the BPM Entities are "reasonably likely to violate the securities laws again." Doc. 67 at 18 (citing *Zale*, 650 F.2d at 720).

To determine whether a future violation is reasonably likely as required for a permanent injunction in this context, courts consider "the (1) egregiousness of the defendant's conduct, (2) isolated or recurrent nature of the violation, (3) degree of scienter, (4) sincerity of [the] defendant's recognition of his transgression, and (5) likelihood of the defendant's job providing opportunities for future violations." *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (citation omitted); *Zale*, 650 F.2d at 720. No single factor is dispositive. Instead, it is "the sum of the circumstances surrounding the defendant and [its] past conduct that governs whether to grant or deny injunctive relief." *Id.* at 720. Mere voluntary cessation of illegal conduct by the defendant does not preclude or moot a request for injunctive relief. *Donovan v. Cunningham*, 716 F.2d 1455, 1461 (5th Cir. 1983) (citing *Allee v. Medrano*, 416 U.S. 802 (1974); *United States v. Concentrated*

*Phosphate Export Ass'n*, 393 U.S. 199 (1968); and *United States v. Realty Multi-List, Inc.*, 629 F.2d 1351, 1387-88 (5th Cir. 1980)).

The SEC contends that the foregoing factors overwhelmingly support the imposition of a permanent injunction against the BPM Entities because the BPM Entities' conduct as alleged in the Complaint and detailed in the SEC's Motion, was egregious, and:

> BPM Global made multiple material misstatements about the PPE Company bond offering. Once both BPM Entities had fraudulently raised $555,000 in investment funds, they misappropriated almost all of it on what appear to be the McKnight Defendants' personal and other noninvestment-related expenses. Their conduct resulted in a total loss for investors. The violations were not isolated because the BPM Entities misled and deceived eleven individual investors.
>
> The BPM Entities acted with a high degree of scienter because they knew their representations about the PPE Company bond offering were false, and because the McKnight Defendants, who controlled the BPM Entities, personally benefitted from the fraud. The BPM Entities have not recognized their wrongdoing; in fact, as detailed above, they have failed to participate in this action. Finally, it is likely that the BPM Entities will again have opportunities to seek to defraud investors unless enjoined.

Doc. 67 at 19. The SEC, therefore, contends that all of the factors together support the entry of permanent injunctions against the BPM Entities to prevent them engaging in future violations of the charged provisions of the federal securities laws. *Id.* (citing *SEC v. Faulkner*, No. 3:16-CV-1735-D, 2021 WL 75551, at *16 (N.D. Tex. Jan. 8, 2021), *aff'd sub nom. SEC v. Hallam*, 42 F.4th 316 (5th Cir. 2022) (finding permanent injunction enjoining defendants from engaging in future violations of securities laws was warranted because factors weighed in favor of granting injunction) (citations omitted).

The court agrees that a permanent injunction enjoining the BPM Entities from engaging in future violations of federal securities laws is warranted based on consideration of the factors in *SEC v. Life Partners Holdings, Incorporated* and the facts as alleged in the SEC's Complaint and summarized in the SEC's Motion. Accordingly, the court determines that the SEC has established

its entitlement to entry of a default judgment permanently enjoining the BPM entities from committing future federal securities violations.

### III.    Conclusion

For the reasons explained, Plaintiff's Motion for Default Judgment Against the BPM Entities (Doc. 67) is **granted** to the extent indicated. Accordingly, the court will enter a default judgment in favor of the SEC against the BPM Entities as to their liability for the securities fraud violations alleged in the Complaint, disgorgement of ill-gotten gains, and prejudgment interest on the disgorgement sum; and it will also impose a permanent injunction that enjoins them from committing future securities fraud violations. For consistency purposes, all other relief not expressly granted with respect to the amount of damages and the amount of any interest on such damages owed by the BPM Entities is **denied without prejudice** and will be taken up at a later date after liability is determined with respect to all other Defendants. Likewise, the SEC's request for civil monetary penalties (the assessment of penalties and the amount of any such penalties) is **denied without prejudice** and will also be taken up at a later date after liability is determined with respect to all other Defendants. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 4th day of March, 2025.

                                                            Sam A. Lindsay
                                                            United States District Judge