UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | | |
| Plaintiff, | | Case No. 3:23-cv-641-L |
| v. | | |
| AARON CAIN MCKNIGHT; BPM GLOBAL INVESTMENTS, LLC.; BPM ASSETS MANAGEMENT, LLC; SHERRY REBEKKA SIMS; KENNETH MILLER; FROST and MILLER, LLP; AND HARMONY BROOKE MCKNIGHT, | | |
| Defendants, | | |
| and | | |
| ACCELERATED VENTURE PARTNERS, LLC; and TIMOTHY NEHER, | | |
| Relief Defendants. | | |

**UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR RELIEF DEFENDANTS**

The law firm of Holland & Knight, LLP, Allison Kernisky, and Jessica Magee ("Movants") respectfully request that the Court permit them to withdraw as counsel for Relief Defendants Accelerated Venture Partners, LLC and Timothy Neher ("Relief Defendants") for good cause and in accordance with Texas Disciplinary Rule of Professional Conduct 1.15 and Local Rule 83.12.

**I.     GOOD CAUSE EXISTS FOR WITHDRAWAL**

1.     In July 2024, Relief Defendants retained Movants to represent them as relief defendants to this action and entered into an engagement agreement to pay Movants for legal services at agreed upon hourly rates.  The agreement provides Movants may withdraw from representation of Relief Defendants if payment is not received within 45 days of the invoice date.

2.      Movants performed legal services for Relief Defendants and were partly compensated.  However, Relief Defendants owe Movants additional amounts for legal services rendered but have been unable to pay Movants since September 2024, and they have not demonstrated an ability to pay Movants for continued legal representation.

3.      Movants therefore respectfully ask the Court for leave to withdraw due to Relief Defendants' inability to pay for Movants' legal services.

4.      An attorney may withdraw from representation upon leave of court and a showing of good cause and reasonable notice to the client.  *See Gowdy v. Marine Spill Response Corp.,* 925 F.3d 200, 204 (5th Cir. 2019) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)).

5.      Under Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct, an attorney is permitted to withdraw where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" or if continued representation will result in an "unreasonable financial burden on the lawyer," among other reasons.  Tex. Disciplinary R. Prof. Conduct 1.15(b)(5) & (6); *see also* Local Rule 83.12.

6.      Both grounds for withdrawal exist here.  Relief Defendants are owed legal fees which remain overdue and outstanding since September 2024 and Movants have notified Relief Defendants of their intention to withdraw.  Specifically, Movants have had multiple communications over several months with Relief Defendants regarding the outstanding fees and have advised Relief Defendants numerous times that Movants will be required to withdraw as counsel if the fees are not paid.  To date, Relief Defendants have failed to pay the outstanding amount due.  Moreover, forcing Movants to continue to represent Relief Defendants without payment would impose an unreasonable financial burden on Movants.

2

7.      Notably, the Fifth Circuit Court of Appeals recognizes that good cause for withdrawal exists when a client does not pay for legal services. *See Rabin v. McClain*, 2011 WL 3793939, at *2 (W.D. Tex. Aug. 25, 2011) (*citing Augustson v. Linea Aerea Nacional–Chile S.A. (LAN Chile)*, 76 F.3d 658, 663 (5th Cir. 1996) (good cause for withdrawal includes client's failure to pay for legal services)). "Other courts have found that this is especially true when counsel has made repeated requests for payment and informed the client of an intent to withdraw if payment is not received." *Id.*; *see also In re Daniels*, 138 S.W.3d 31, 35 (Tex. App. 2004) (good cause for withdrawal exists where client failed to pay attorney's fees and continued representation would cause attorney unreasonable financial burden).

## II.      OTHER FACTORS SUPPORT WITHDRAWAL

8.      In determining good cause, courts in this District may also consider the following factors: 1) the extent to which the attorney's withdrawal will delay or disrupt the case; 2) the length of time for which the case and any dispositive motions have been pending; 3) the time it would take—and the financial burden it would impose on—the client to find new counsel; 4) the financial burden the attorney would suffer if not allowed to withdraw; 5) prejudice to the other parties; and 6) whether withdrawal will harm the administration of justice. *United States v. Denby*, 2016 WL 8939141, at *2 (N.D. Tex. June 24, 2016).

9.      Each of these factors favors withdrawal. First, withdrawal will cause no delay or disruption because the case appears to be dormant. Defendants Aaron McKnight, Harmony McKnight, Kenneth Miller, and Frost & Miller LLP answered the Complaint in October 2023 and December 2023, respectively. ECF Nos. 40, 48, and 49. In March 2025, the Court entered default judgments against Defendants BPM Global Investments, LLC and BPM Asset Management, LLC. ECF No. 75. Relief Defendants answered the Complaint in April 2025. ECF No. 75. There has been no docket activity since April 2025 and discovery has not commenced.

3

10.    Second, this action has been pending since March 2023.  There are no dispositive motions pending and no upcoming deadlines or scheduled hearings.  There is not a scheduling order in place, and a trial date has not been set.

11.    The third factor also weighs in favor of withdrawal.  Allowing Movants to withdraw will not impose any financial burden on Relief Defendants.  On the contrary, it will stop them from incurring additional legal fees from Movants.   Further, Relief Defendants are not named Defendants in this action and Plaintiff Securities and Exchange Commission ("Plaintiff") has not charged them with any alleged violations.  Relief Defendants should be able to find qualified substitute counsel, given their limited role as relief defendants in this action.

12.    Conversely, requiring Movants to continue representing Relief Defendants without payment would be inequitable and would impose an unreasonable financial burden on Movants.  Further, Relief Defendants have not responded to Movants' telephone calls or emails since June 2, 2025.  As a result, Movants are unable to represent Relief Defendants because they are not able to communicate with them.  Thus, the fourth factor militates in favor of withdrawal.

13.    The remaining factors also tip in favor of withdrawal.  Neither the named parties nor the Court will suffer any prejudice by allowing Movants to withdraw and withdrawal will not harm the administration of justice in any way.  This Motion is not intended to, and will not, cause any delay or harassment.  Rather, Movants aim to provide Relief Defendants with the opportunity to secure new legal counsel prior to discovery commencing, a scheduling order being entered, or a trial date being set.

14.    Defendant Neher may proceed *pro se* if he chooses but Defendant AVP, as a limited liability company, will need to secure new counsel because an entity cannot appear in federal court *pro se*.  *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam).  However, courts in this Circuit routinely allow withdrawal of counsel representing an entity before it obtains

4

new counsel.  *See Hill Country Indus., Inc. v. Planet Wealth Int'l Corp.*, 2020 WL 7683287, at *1

(W.D. Tex. June 5, 2020), *report and recommendation adopted*, 2020 WL 7683283 (W.D. Tex.

July 27, 2020) (granting withdrawal of corporation's counsel); *Lohr v. Gilman*, 2017 WL 3189641,

at *1 (N.D. Tex. July 27, 2017) (summarizing prior rulings allowing counsel for corporate

defendants to withdraw); *IntelliGender, LLC v. Soriano*, 2012 WL 1118820, at *2 (E.D. Tex. Apr.

3, 2012) (granting leave for counsel for limited liability company to withdraw after entity failed to

pay legal fees); *see also Erie Molded Plastics, Inc. v. Nogah*, LLC, 520 F. App'x 82, 85 (3d Cir.

2013) (holding that trial court abused its discretion in requiring substitute counsel to be named

before allowing counsel of record to withdraw because counsel for entity defendants are "entitled

to withdraw" when those defendants fail to pay legal fees).

15.    Moreover, courts permit withdrawal by counsel representing relief defendants in

actions similar to this one brought by the SEC.  *See SEC v. Brennan,* 2017 WL 7051631, at *2

(E.D. Tenn. Feb. 6, 2017) (granting withdrawal of attorney representing relief defendant limited

liability company and allowing time for it to obtain new counsel); *SEC v. North Star Fin., LLC,*

2017 WL 476602, at *3 (D. Md. Feb. 3, 2017) (same).

16.    Accordingly, because good cause exists and the relevant factors weigh in favor of

withdrawal, Movants respectfully ask the Court to allow them to withdraw as counsel for Relief

Defendants in this action.

### III.    MOVANTS HAVE COMPLIED WITH LOCAL RULE 83.12

17.    Local Rule 83.12 provides, in relevant part:

> [A]n attorney desiring to withdraw in any case must file a motion to
> withdraw.  This motion must…specify the reasons requiring withdrawal….
> If the succeeding attorney is not known, the motion must set forth the name,
> address, and telephone number of the client and either bear the client's
> signature approving withdrawal or state specifically why, after due
> diligence, the attorney was unable to obtain the client's signature.

18.     Movants have complied with Local Rule 83.12—they have filed this Motion, specifying the reasons requiring withdrawal above, and are providing the Court with Relief Defendants' contact information below.

19.     As far as Movants are aware, Relief Defendants have not retained replacement counsel as of the time of filing this Motion.  Relief Defendants' contact information is:

Timothy Neher
Accelerated Venture Partners, LLC
951 Mariners Island Boulevard, Suite 300
San Mateo, CA 94404
Telephone: (650) 378-1232

20.     Starting in February 2025 and continuing repeatedly since then (including on at least February 18 and 28, March 5, 11, 18, 20, and 21, April 2, May 30, June 10 and 16, and July 14, 2025), Movants have notified Relief Defendants of this motion and communicated the reasons why withdrawal is necessary.  Despite Movants' diligence, Relief Defendants have not responded to Movants since June 2, 2025 and Movants have been unable to obtain signatures from Relief Defendants, pursuant to Local Rule 83.12(a).

21.     Plaintiff does not oppose the requested relief.

22.     A proposed order is attached as Exhibit A.

**WHEREFORE**, Movants Holland & Knight, LLP, Allison Kernisky and Jessica Magee respectfully request that this Court allow them to withdraw as counsel for Relief Defendants Accelerated Venture Partners, LLC and Timothy Neher, that they have no further responsibility in this action, that they be removed from the electronic distribution list for receiving notices, and for all such other and further relief as the Court deems just and proper.

6

Dated: July 16, 2025                              Respectfully submitted,

                                                  **HOLLAND & KNIGHT LLP**

                                                  /s/ Allison Kernisky
                                                  Jessica B. Magee
                                                  Texas Bar No. 24037757
                                                  Jessica.Magee@hklaw.com
                                                  One Arts Plaza
                                                  1722 Routh Street Suite 1500
                                                  Dallas, TX 75201
                                                  Tel.: (214) 964.9500
                                                  Fax: (214) 964-9501

                                                  Allison Kernisky
                                                  Admitted *pro hac vice*
                                                  Florida Bar No. 41160
                                                  Allison.Kernisky@hklaw.com
                                                  701 Brickell Ave. Suite 3300
                                                  Miami, FL 33131
                                                  Tel: (305) 349-2175
                                                  Fax: (305) 789-7799

                                                  *Counsel for Relief Defendants Accelerated Venture*
                                                  *Partners, LLC and Timothy Neher*

**CERTIFICATE OF CONFERENCE**

Undersigned counsel hereby certifies that on June 30, 2025, she conferred with counsel for

Plaintiff, who does not oppose the requested relief.

> */s/ Allison Kernisky*
> Allison Kernisky

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion was filed electronically on July 16,

2025 with the clerk of Court using the CM/ECF system, which will serve copies on all counsel of

record.

> */s/ Allison Kernisky*
> Allison Kernisky