IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVSION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>AARON CAIN MCKNIGHT; BPM GLOBAL INVESTMENTS, LLC; BPM ASSET MANAGEMENT, LLC; SHERRY REBEKKA SIMS; KENNETH MILLER; FROST and MILLER, LLP; AND HARMONY BROOKE MCKNIGHT,<br><br>      Defendants,<br><br>      -and-<br><br>ACCELERATED VENTURE PARTNERS, LLC; and TIMOTHY NEHER,<br><br>      Relief Defendants. | Civil Action No. 3:23-CV-641-L |

**JOINT SETTLEMENT STATUS REPORT**

Pursuant to the Court's July 18, 2025, Scheduling Order (Dkt. 84), Plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff"), *pro se* Defendants Aaron Cain McKnight and Harmony Brooke McKnight, Defendants Frost & Miller, LLP, and Kenneth Miller, and *pro se* Relief Defendant Timothy Neher respectfully submit this Joint Settlement Status Report.

The status of settlement negotiations and the specific efforts made by the parties to resolve this case with respect to each set of Defendants is detailed below:

1

- **Defendants Aaron Cain McKnight and Harmony Brooke McKnight (the "McKnight Defendants")**

Statement by Plaintiff's counsel:  Over the past two and a half years since this case was filed, Plaintiff has extended multiple invitations to the McKnight Defendants to discuss possible settlement terms.  Counsel for the SEC provided the McKnight Defendants with detailed terms of the SEC's opening settlement offer on May 23, 2024.  On June 5, 2024, the McKnight Defendants emailed SEC counsel to propose a discussion by phone, but declined to respond to SEC counsel's attempts to schedule a date and time for the call.  Between then and October 15, 2025, the McKnight Defendants did not respond to the SEC's invitations to discuss settlement.  Counsel for the SEC most recently reminded the McKnight Defendants via email that we continue to stand ready to discuss how a potential settlement might work with them on September 23, 2025.  The first response to our invitation arrived when we circulated a draft of this joint report for the second time on October 15, 2025, at which point counsel Chris Wilson of Corporate Securities Legal LLP contacted SEC counsel for the first time via email and voicemail.  Wilson stated that he hopes to be fully engaged as counsel for Mr. McKnight in the next two weeks.  Wilson further stated that they would like to discuss settlement terms and that he will probably handle those discussions, that he is not yet in a position to have substantive communications regarding settlement, but that he would "love the opportunity to discuss" settlement once he is fully engaged.  Plaintiff looks forward to the opportunity to have such settlement discussions should Wilson become fully engaged as counsel for Mr. McKnight.

Statement by the McKnight Defendants:  No comments to add.

- **Defendants BPM Global Investments, LLC and BPM Asset Management, LLC (the "BPM Entity Defendants")**

    Statement by Plaintiff's counsel:  The Court entered default judgment against the BPM Entity Defendants as to liability and injunctive relief on March 4, 2025.  Dkt. 74.  Plaintiff is willing to discuss a potential settlement of monetary terms for these two entities with the McKnight Defendants, who control the BPM Entities.  Until October 15, 2025, the McKnight Defendants had not accepted Plaintiff's invitation to do so.  Plaintiff looks forward to the opportunity to have settlement discussions regarding the BPM Entities with Mr. McKnight's counsel should he become fully engaged.

    Statement by the McKnight Defendants:  No comments to add.

- **Defendants Kenneth Miller and Frost & Miller, LLP ("F&M Defendants")**

    Statement by Plaintiff's counsel:  Plaintiff's counsel have engaged in extended settlement negotiations with two sets of counsel for F&M Defendants before and after filing the Complaint in this action.  By May 2024, the SEC and F&M Defendants reached an agreement in principle on most major terms of settlement, and were in the process of negotiating consent agreements.  Negotiations on both the final terms and the text of the consent agreements continued through November 2024, when the SEC made its most recent offer.  The SEC has been awaiting a substantive response from F&M Defendants since then.  The most recent communication from F&M counsel that a substantive response to the SEC's most recent offer would be forthcoming was on June 30, 2025, but F&M counsel have not conveyed a substantive response to date.  After numerous attempts by SEC counsel since November 2024 to get F&M counsel to respond to the SEC's November 2024 offer, F&M counsel addressed the subject of settlement for the first time since June 2025 by providing

their statement for this report below at 4 pm on October 16, 2025. SEC counsel immediately conferred with F&M counsel by phone to explain that we believe their statement below inappropriately discloses the substantive content of confidential settlement negotiations and settlement terms and is not in keeping with the Court's July 18, 2025 Order. F&M counsel refused to amend their statement. As a result, we have included it below, noting our strong objections.

<u>Statement by F&M Defendants' counsel</u>: The F&M Defendants have advised the SEC that its most recent offer did not set forth terms that were agreeable to them because of the SEC's requirement that they agree to uncharged conditions outside the scope of the claims made in this case in order to settle. Accordingly, those discussions to date have not resulted in settlement of the SEC's claims against the F&M Defendants, who intend to rejoin those discussions in good faith at the upcoming Court-ordered mediation. For the F&M Defendants, the primary impediment to settling this case is the requirement that to settle the SEC's claims against them here, the F&M Defendants must either: (1) also agree to settle certain potential claims that the SEC has not filed against them, here or administratively, but has stated that it intends to file in the future; or (2) agree that the SEC may bring future administrative claims against them and, further, agree to affirmatively waive any statute of limitations defenses in connection with those future claims if such an administrative proceeding is ever commenced against them. Because those potential administrative claims are not before the Court or otherwise part of the relief sought by the SEC against the F&M Defendants in any other forum, the F&M Defendants and SEC have been unable to reach a settlement of the claims asserted in this case.

Other than this extra-suit settlement condition required by the SEC, the F&M Defendants and SEC reached an agreement in principle to all settlement terms for the claims asserted against the F&M Defendants.

- **Relief Defendants Timothy Neher ("Neher")**

    Statement by Plaintiff's counsel:  Counsel for the SEC had discussions with prior counsel for Relief Defendant Neher regarding the possibility of settlement.  Those discussions never progressed to offers being exchanged, however.  It was our understanding from our final discussion with Neher's prior counsel that Neher was not interested in discussing settlement.  The SEC remained open to such discussions should Neher's position change.  After we circulated a draft of this joint report for the second time on October 15, 2025, Neher indicated for the first time that he is open to settlement discussions as reflected below.  Given Neher's ongoing representation that he is actively seeking counsel, we plan to raise the issue of settlement again once his new counsel has been identified.

    Statement by Neher: Relief Defendant Neher disputes the SEC's characterization that any funds received were ill-gotten and maintains that they were legitimate compensation for services provided. Due to financial constraints and the extended duration of this case, Neher has been unable to retain new counsel. The ongoing government shutdown since October 1, 2025, has further delayed progress in this matter and created uncertainty about future deadlines. Neher is open to settlement discussions but requires additional time to secure counsel once the shutdown ends and normal SEC operations resume.

- **Relief Defendant Accelerated Venture Partners, LLC ("AVP")**

    Statement by Plaintiff's counsel:  Counsel for the SEC had discussions with prior counsel for Relief Defendant AVP regarding the possibility of settlement, but those discussions never

progressed to offers being exchanged. Counsel for the SEC was in contact with Neher via email between August 15 and August 20, 2025, regarding the SEC's Motion to Substitute Local Counsel (Dkt. 89). During that correspondence, SEC counsel inquired whether Neher planned to secure new counsel for AVP by August 18, 2025, as required by the Court's July 17, 2025 Order (Dkt. 83). On behalf of both himself and AVP, Neher informed counsel for the SEC on August 16, 2025, via email that (1) they had not received the Court's order until they received the SEC's email on August 14, 2025, which attached that order; and (2) they were actively seeking to retain new counsel to represent them in this case. They then asked whether the SEC would grant an extension of 30 days beyond August 18, 2025, to secure new representation given that they were not aware of the order or the impending deadline until August 16, 2025. Counsel for the SEC responded on August 20, 2025, explaining that only the Court could grant or deny such an extension, but that the SEC would not oppose a 30-day extension, i.e., until September 17, 2025. SEC counsel heard nothing further from Neher. On September 22, 2025, SEC counsel sent Neher the SEC's Initial Disclosures. In that same email, SEC counsel again inquired whether Neher has secured new counsel, noting that the 30-day extension date he previously indicated that he wished to seek had passed. On September 25, 2025, SEC counsel sent Neher (and all other Defendants) a draft of this Joint Report and requested any comments by COB September 29, 2025, so that we might be in a position to file it on September 30, 2025, should the federal government shut down. The evening of September 30, 2025, Neher replied, apologizing for his delay. He stated that he is "currently unrepresented by legal counsel, as the engagement process has taken longer than expected due to the case dating back to 2017." He further stated, "I am working diligently to review the documents you sent and will provide an update on both the documents and my

legal representation by the end of the week." The federal government shut down the next day, and Neher responded next on October 15, 2025, as reflected below. The SEC remains open to settlement discussions with AVP. Given Neher's ongoing representation that he is actively seeking counsel for AVP, and his October 15, 2025 representation that he is open to settlement discussions, we plan to raise the issue of settlement again once his new counsel has been identified.

- <u>Statement by Neher</u>: Relief Defendant AVP, through its representative Timothy Neher, disputes the SEC's characterization that any funds received were ill-gotten and maintains that they were legitimate compensation for services provided. Due to financial constraints and the extended duration of this case, AVP has been unable to retain new counsel. On September 30, 2025, Neher informed SEC counsel via email that he was addressing a personal family matter and working to review documents and secure representation, with an update to follow by the end of that week. The ongoing government shutdown since October 1, 2025, has further delayed progress in this matter and created uncertainty about future deadlines. AVP is open to settlement discussions but requires additional time to secure counsel once the shutdown ends and normal SEC operations resume.

Plaintiff's counsel circulated a draft of this Joint Report to all defense counsel and *pro se* Defendants and Relief Defendants for their review prior to filing, both on September 29, 2025, and on October 15, 2025. The *pro se* McKnight Defendants responded via email and voicemail on October 15, 2025, through counsel Chris Wilson of Corporate Securities Legal LLP. Wilson stated that he hopes to be fully engaged as counsel for Mr. McKnight in the next two weeks. He also stated that he and Mr. McKnight have no objections to this report, no comments to add to this filing, and authorize the filing. Counsel for the F&M Defendants provided the text for their

statement above via email on October 16, 2025. *Pro se* Relief Defendant Neher responded via email on October 15, 2025, and provided the text for his statements above.

The SEC further notes that due to a lapse in appropriations the SEC shut down as of October 1, 2025. Most personnel have been furloughed (with limited exceptions) and are prohibited from working. The SEC attorneys assigned to the matter have been furloughed and thus are not available to work on this matter. Depending on how long the lapse in appropriations continues, the SEC may seek to stay or amend certain deadlines in the current Scheduling Order in the future.

Dated: October 16, 2025   Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

/s/ *Anna O. Area*
Anna O. Area
(admitted pro hac vice)
District of Columbia Bar No. 987572
Trial Counsel
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549-5977
Telephone: (202) 551-6417
areaa@sec.gov

John J. Todor
(admitted pro hac vice)
District of Columbia Bar No. 479798
Trial Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5977
Telephone: (202) 551-5381
todorj@sec.gov

Tyson M. Lies
Local Counsel
Texas Bar No. 24087927

Trial Counsel
U.S. Securities and Exchange Commission
Burnett Plaza
801 Cherry Street, Suite 1900
Fort Worth, TX 76102
Telephone: (817) 978-1421
Facsimile: (817) 978-4927
liest@sec.gov

**ATTORNEYS FOR PLAINTIFF**

*/s/ Jeff Ansley*
Jeffrey J. Ansley
State Bar No. 00790235
jansley@vedderprice.com
**VEDDER | PRICE, P.C.**
300 Crescent Court, Suite 400
Dallas, Texas 75201
Telephone: 469.895.4790

**ATTORNEYS FOR DEFENDANTS
FROST & MILLER, LLP AND
KENNETH MILLER**

## **CERTIFICATE OF SERVICE**

On October 16, 2025, I filed the foregoing Joint Settlement Status Report with the Clerk of Court for the U.S. District Court, Northern District of Texas via ECF.  I hereby certify that I have served the document on all *pro se* parties of record, including the McKnight Defendants and Relief Defendant Neher, by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Anna O. Area*
Anna O. Area
Counsel for Plaintiff