IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**AARON CAIN MCKNIGHT; BPM GLOBAL INVESTMENTS, LLC; BPM ASSET MANAGEMENT, LLC; KENNETH MILLER; FROST and MILLER, LLP; AND HARMONY BROOKE MCKNIGHT,**<br><br>Defendants,<br><br>**ACCELERATED VENTURE PARTNERS, LLC; and TIMOTHY NEHER,**<br><br>Relief Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:23-CV-641-L** |

**PROTECTIVE ORDER**

Before the court is Plaintiff Securities and Exchange Commission's Motion for a Protective Order (Doc. 97), filed on February 5, 2026. Accordingly, under Federal Rule of Civil Procedure 26(c), the court **grants** Plaintiff Securities and Exchange Commission's Motion for a Protective Order ("Order") **to facilitate the exchange of confidential information during discovery only, and this Order is not a substitute for filing documents under seal**. It is therefore ordered:

A. This Protective Order shall apply to all documents, materials, and/or information produced in the course of discovery by the parties or any third parties, including electronic discovery, answers to interrogatories, responses to requests for admission or production, all documents or

information produced in response to Fed. R. Civ. P. 45 subpoenas, all material produced through informal discovery, and all deposition testimony and deposition exhibits.

B. The parties, or any third party producing materials in response to a request related to this civil action may, in good faith, designate documents or information as "Confidential Information." Confidential Information includes that which counsel for the designating party or third party determines, in good faith, may be protected by statute, regulation, or other authority, or includes confidential bank or brokerage account information, trade secrets, confidential governmental information, proprietary or non-public research and development records, customer, investor, investment, business, commercial, or financial information, or includes sensitive personal information or other personally identifiable information protected by the Privacy Act or other applicable law.

C. The designation of Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." In the case of electronic documents produced in native format, such designation may be made on the physical media (e.g., disk, flash drive) containing such electronic documents and on a slipsheet accompanying the native file if the file is served electronically. Alternatively, a party may designate material Confidential Information by submitting a letter to all parties specifying the information to be so designated. One who provides material may designate it as Confidential Information only when such person in good faith believes it contains Confidential Information which is in fact confidential. A party shall not routinely designate material as Confidential Information, or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

D. Portions of depositions may be deemed Confidential Information if they are designated as such when the deposition is taken or within 30 days after receipt of the transcript. Any

testimony which describes a document which has been designated as Confidential Information, as described above, shall also be deemed to be designated as Confidential Information.

E. Unless ordered by the Court, or otherwise provided for herein, all documents and other materials disclosed in this action (including, but not limited to Confidential Information), will be held and used by the person receiving such information solely for use in connection with this action and any related proceedings. However, nothing in this Order shall prevent the Securities and Exchange Commission ("SEC") from complying with its obligations under the law concerning disclosure of documents, including but not limited to its published "Routine Uses of Information" in Forms 1661 and 1662, the Freedom of Information Act, and any other statutes or rules applicable to the SEC, or interfere with the SEC's use of information for law enforcement activities and to otherwise regulate, administer, and enforce the federal securities laws.

F. If the parties, or any third party producing materials in response to a request related to this civil action, disclose a document or information that would otherwise be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, this Protective Order is an order of the Court which allows for such disclosure. Notwithstanding the foregoing in paragraphs E and F of this Protective Order, in the event that a request for Confidential Information, or any portion thereof, is made under the Freedom of Information Act or any other authority, the plaintiff shall not disclose the information without first providing the party or third party that produced the materials with a reasonable opportunity to object to the disclosure and to seek a protective order.

G. A party or third party may challenge another party's or third party's confidential designation at any point during the litigation. In the event of a challenge:

1. The challenging party shall first notify the designating party of the challenge in writing, outlining the document(s) under challenge and the reason for the challenge;

2. Counsel shall make a good faith effort to resolve the dispute in a meet and confer. In the absence of a resolution, the designating party may thereafter seek resolution by the Court within 14 days of receipt of the written challenge notification set forth in paragraph G.1., consistent with the Local Civil Rules of the United States District Court for the Northern District of Texas, including Local Rule 5.2;

3. If the designating party does not either resolve the dispute or file the dispute with the Court within 14 days of its receipt of the written challenge notification set forth in paragraph G.1., the challenge is deemed accepted and the documents will no longer be treated as Confidential Information.

4. Nothing in this Protective Order operates as a waiver of any claim or defense in this action or to create an admission by any party that Confidential Information disclosed in this case is or is not (i) confidential, (ii) privileged, (iii) discoverable, (iv) relevant, or (v) admissible in evidence at trial. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

H. Subject to paragraph E, above, information or documents designated as Confidential Information shall not be disclosed to any person, except:

1. The parties and their counsel;

2. Employees of such counsel assigned to and necessary to assist in this action (including personnel of the SEC advising the SEC in litigation);

3. Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire to assist in this action;

4. Mock jurors and related service providers;

5. Arbitrators or mediators;

6. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

7. Stenographers and videographers engaged to transcribe depositions the parties conduct in this action;

8. Consultants or experts (both testifying and consulting) and their support staff to the extent deemed necessary by counsel;

9. Any person who counsel for a party in good faith believes may be called to testify at trial or deposition in this action (as well as counsel for such person), except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

10. The Court and its officers or employees, including the jury at trial; and

11. Any other person to whom the parties have agreed in writing disclosure may be made or to whom disclosure has been authorized by order of the Court.

I. Subject to paragraph E, above, prior to disclosing or displaying Confidential Information to any person, counsel shall:

1. inform the person of the confidential nature of the information or documents; and

2. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than in connection with this action and has enjoined the disclosure of that information or documents to any other person except as permitted by this Protective Order.

J. Subject to paragraph E, above, Confidential Information may be displayed to and discussed with the persons identified in Paragraphs H.4. and H.9. only on the condition that, prior to any such display or discussion, each such person shall be asked to execute in writing an acknowledgement of receiving, reviewing, and consenting to being bound by this Order. In the event such person refuses to agree to be bound by this Protective Order, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

K. For the purpose of Paragraph H.10., any documents which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of any documents nor does it alter or modify the applicability of Rule 5.2 of the Federal Rules of Civil Procedure. In the event counsel for any party determines to file with the Court documents containing any Confidential Information and the party that produced the Confidential Information does not consent in writing in advance to public filing of that Confidential Information, the filing shall be accompanied by a motion or letter motion referring to the protective order and advising the Court that the producing party requests that the Confidential Information be filed under seal or in redacted form, in accordance with the Court's rules and applicable law. Within 14 days of any such filing, the producing party may file an affidavit or declaration and memorandum of law demonstrating that the standards for sealing or redaction have been met and specifically addressing any controlling authority, or the filing will be automatically unsealed.

L. With regard to the inadvertent production of discovery material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection:

1. The inadvertent production by a producing party of discovery material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the producing party's reasonable

efforts to prescreen such discovery material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced discovery material is made promptly after the producing party learns of its inadvertent production. Moreover, the inadvertent production of a privileged or protected document or material shall not waive the attorney-client privilege, work-product protection, or any other applicable privilege or protection claimed or asserted over discovery material that covers or otherwise relates to the same subject matter as the inadvertently produced document or material.

2. Upon a request from any producing party who has inadvertently produced discovery material that it believes is privileged and/or protected, each party who has received such material shall immediately return or destroy such material and all copies to the producing party.

3. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced discovery material and such other information as is reasonably necessary to identify the discovery material and describe its nature to the Court in any motion to compel production of the discovery material.

M. Any party or third party that discovers that it inadvertently or otherwise produced material containing Confidential Information without designating that information as Confidential Information may, within a reasonable time following its discovery of the inadvertent production, retroactively designate that material as Confidential Information, by providing notice of its designation in writing to all parties and third parties that have received such information.

N. If a party or third party in possession of Confidential Information who is not the producing party with respect to that Confidential Information receives a subpoena or other request seeking production or other disclosure of Confidential Information, then that person shall immediately give written notice to counsel for the producing party, identifying the Confidential Information sought and the date and time that production or other disclosure is required. In no event should production or disclosure be made without written approval by counsel for the producing party or by further order of the Court or another court of competent jurisdiction. For purposes of this Order, a party's designation of Confidential Information shall be deemed a request for confidentiality under 17 C.F.R. § 200.83 in the event of a Freedom of Information Act request for such material. However, consistent with paragraphs E and F of this Protective Order, above, this provision does not apply to or in any way limit the Securities and Exchange Commission's disclosure of Confidential Information to appropriate agencies, entities, or persons, pursuant to its statutory and regulatory obligations consistent with its Routine Uses of Information, without notice to counsel for the producing party of any requests for or disclosure of such Confidential Information.

O. This Protective Order is entered without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

P. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Information other than the Court must make reasonable efforts to either return it, including all copies thereof, to the producing party, or destroy such material, including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the producing party that affirms that it has made

reasonable efforts to ensure it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, as well as any materials necessary for compliance with applicable law including the Federal Records Act and SEC records policies, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

Q. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

R. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

S. **Motions to Seal: Notwithstanding any provision of this order, no motion to seal may be filed unless the movant establishes that the requirements of Local Civil Rule 79.3 of the Northern District of Texas have been met. If the movant is relying on a statute, rule, or case authority, such authority must be set forth in the motion. Further, the movant must show the court that the motion complies with the requirements set forth in *June Medical Services, LLC v. Phillips*, 22 F.4th 512 (5th Cir. 2022); *Binh Hoa Le v. Exeter Finance Corporation,* 990 F.3d 410, 416-21 (5th Cir. 2021), and any other applicable authority. No documents will be sealed by the court merely because the parties agree that they should be sealed or because a protective order is in place, and any documents filed under seal by a movant in violation of this provision will be *sua sponte* unsealed or denied by the court.**

**It is so ordered** this 27th day of February, 2026.

Sam A. Lindsay
United States District Judge